UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BENJIE LEE WHITNALL, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 14-cv-3275 |
| SANGAMON COUNTY STATES ATTORNEYS OFFICE, *et al.*, | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

The case is before the Court for a merit review of the plaintiff's claims. The Court is required by 28 U.S.C. § 1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). The Court has reviewed the Complaint and has also held a merit review hearing in order to give the plaintiff a chance to personally explain his claims to the Court.

The plaintiff, proceeding pro se and incarcerated in the Western Illinois Correctional Center, was granted leave to proceed *in forma pauperis*. The plaintiff filed this suit alleging that in December 2013, he learned for the first time that when he was in custody at the Sangamon County Jail, he was charged with and convicted of escape in February 2002. Plaintiff does not directly deny that he tried to escape. Instead, the plaintiff claims he did not know of the charge and conviction, and that the conviction has resulted in him receiving longer sentences for criminal convictions since the escape conviction. The Plaintiff is suing Sangamon County Sheriff Neil Williamson and the Sangamon County States Attorney for false imprisonment and malicious prosecution.

The plaintiff's complaint is not one for malicious prosecution or false imprisonment. Instead, the plaintiff wants to challenge the conviction for escape, and a § 1983 suit may not be used to challenge a prisoner's conviction or sentence. In Nelson

v. Campbell, 541 U.S. 637, 646–47 (2004), the Supreme Court explained that, "[a]lthough damages are not an available habeas remedy, . . . a § 1983 suit for damages that would necessarily imply the invalidity of the fact of an inmate's conviction, or necessarily imply the invalidity of the length of an inmate's sentence, is not cognizable under § 1983 unless and until the inmate obtains favorable termination of a state, or federal habeas, challenge to his conviction or sentence." Id. at 646-47. In other words, habeas corpus is the exclusive remedy for a challenge to the fact or duration of one's confinement, and therefore, an inmate must first seek to set aside his conviction through habeas corpus before initiating a § 1983 action that necessarily calls that conviction into doubt. Burd v. Sessler, 702 F.3d 429, 432 (7th Cir. 2012). Plaintiff has not done this nor could he amend his complaint to say that he has because, according to his complaint, he only learned of the conviction a few short months ago.

IT IS THEREFORE ORDERED:

1. The Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A. This case is closed.

2. This dismissal shall count as one of the Plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g). The clerk of the court is directed to record the Plaintiff's strike in the three-strike log.

3. Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

4. If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST set forth the issues the Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If the Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

Entered this 28th day of October, 2014.

/s/Harold A. Baker

_____
HAROLD A. BAKER
United States District Court